InsnEr, 3.
The defendant appeals from the judgment of the Court a qua, condemning him to imprisonment, at hard labor, in the penitentiary for a term of fourteen years, upon a verdict of guilty on an indictment for robbery; and he relies upon several grounds to arrest the judgment, and set aside the verdict of the jury.
1. As to the motion made by the accused, that the District Attorney should elect one count of the indictment under which to proceed.
The accused is indicted for the crime of robbery. The indictment contains two counts; in the first count the accused is charged as principal in the first degree; in the second count, he is charged as principal in the second degree, together with others.
These are but different ways of stating the same thing; the same crime growing out of the same facts. The crimes charged are precisely, of the same nature, and subject to the same punishment; and, according to the cases of State v. Crosby, 4 An. 434, and State v. McLane, 4 An. 435, maybe charged in different counts of the same indictment, and the prosecuting officer is not bound to elect. Arch. Crim. Plead, p. 70, 60, 61, ed. 1835.
This method, the same accusation in different ways, in separate counts, is adopted in order to prevent a variance from the proof on the trial. 12 An. 391.
The accused cannot complain that the principal in the first degree mentioned in the second count, had not already been tried, or was not tried at the same time. See R. S. p. 176, § 85. Archibald Crim. Plead. 7.
2d. As to the objection of the witness Picou.
Here the counsel seem to have confounded two separate things. ■
If Picou were on trial,his own confession could not be used against him, if obtained by improper means, as by duress, threats, or promises by persons in authority. See Archibald Crim. Plead. 117, etc.
But it is not Picou who is on trial. Undoubtedly, the fact that this witness was an accomplice, had been imprisoned illegally, was influenced by *146 threats or promises, goes materially to affect his credibility as a witness, and is to be properly weighed by the jury, in considering what weight ought to be given to his testimony, but it does not affect his competency, as a witness.
'An accomplice is a competent witness, but his testimony requires some confirmation, aliunde. Archibald Crim. Plead. 148.
There is no bill of exceptions showing that the Judge charged the jury incorrectly on this point.
The witness could not be forced to criminate himself. But this is a privilege of his, which he can waive. There is no reason to suppose that the Distict Court maltreated the witness. The Court in such cases usually informs the witness of his right, ¿nd must be presumed to have done its duty in this respect; but, no one can complain of this omission, except the witness.
3d. It is objected that a copy of the indictment and a list of the jury were not served upon the accused before the trial.
This should have been done, and it was the duty of the prosecuting officer to attend to it, but it is too late after the trial, to urge the objection. State v. Hernandez, 4 An. 370. State v. Howell, 3 An. 50.
4th. As to the indictment.
The accused is charged with robbing Mrs. Clark of thirty dollars and two Derringer pistols, without stating the act to be done feloniously, and with no allegations of taking from the person of another, or in his presence or against his will, or with violence, or by putting in fear.
By our law (R. S. 138 $ 25,) robbery is made punishable by imprisonment at hard labor for not more than fourteen years. Our statute does not define robbery, any more than it does murder, or any other great crime. But it says, (R. S. p. 160 § 1.) that, all crimes, offences and misdemeanors shall be taken, intended and construed according to, and in conformity with, the common law of England. This is a very old law, passed in 1805, which has been never meddled with by subsequent Legislatures. It is, in fact, a part of our bill of rights.
We then must have recourse to the common law of England, to see what constitutes the crime of robbery. Blackstone and Hawkins, (see Archibald Crim. Plead. 224,) say, it consists in the felonious and forcible taking from the person of another, or in his presence, against his will, of any chattel, money or valuable security to any value, by violence or putting him in fear.
All these facts are set forth succinctly, but clearly in the indictment for robbery, according to the English practice, fib. p. 124,) and must be held necessary averments. ■
The word “robbery,” is not used in the indictment.
As the law stood up to 1855, the indictment was clearly void, and the judgment would have been arrested, and the prisoner discharged.
Has the statute of 1855, (R. S. pp. 173, 178,) cured the defects in this indictment? We think it would be to give to this statute an undue and dangerous extension, not dreampt of by the Legislature in passing it, to hold that the accused could be sentenced under such an indictment as this.
We consider the indictment, not formally, but radically and fundamentally defective, and that no judgment can be pronounced sentencing *147 the accused to imprisonment, although *he has been found guilty by the verdict of the jury.
“All the ingredients of the crime with which the defendant is charged, the fads, the circumstances and intent constituting it, must be set forth with certainty and precision, without any repugnancy or inconsistency, and the defendant charged directly and positively with having committed it.” Arch. Crim. Plead. 27.
The statute of 1855 was not intended to make a radical change in the system of criminal pleadings, but to simplify it, and correct some supposed deficiencies.
This statute obviates the disastrous effects frequently arising from a variance between the statements of the indictment and the evidence; makes more ready the description of instruments stolen or forged; allows a defendant to be found guilty of an offence less than that charged, if of the same nature; abbreviates the form of the indictment for certain crimes, as murder; declares certain averments, frequently found in certain indictments, immaterial, and authorizes the omission of them, and declares that the objections “for formal defects shall be taken by demurrer, or motion to quash each indictment before the jury shall be sworn, and not afterwards.”
But this statute very evidently makes no change in the law, as to the questions, what is a formal, and what is a substantial, averment in an indictment.
Considering the indictment before us with the light offered by the general law upon the subject and the statute of 1855, we have to decide whether it contains any defects, and if so, whether the defects are merely formal defects, or defects in matters of substance.
1. The act charged is not said to be committed feloniously. The felonious intent is necessary to constitute the crime of robbery, and it must be alleged expressly (perhaps under our system equivalent words might answer,) in the indictment. The proof must also substantiate this averment, “The goods must appear to have been taken animusfurandi,” as in other cases of larceny. (Arch. C. Plead. 228.) Here, then, is a substantial defect, and enough, in itself, to sustain the motion in arrest of judgment.
2. The indictment does not set forth the “facts” and “circumstances.” These are set forth as succinctly as possible in the English form of indictment. Arch. Crim. Plead. 224
To say that the defendant robbed, &e., is not sufficient. Robbery is a technical term, a highly complex term, and cannot be fully understood except by one acquainted with English law. The crime of robbery is the legal inference from the commission of certain acts under certain circumstances and with a certain intent,, these acts, circumstances and intent must be set out in the indictment.
The case of the State v. Stiles, 5 An. 324, (see opinions delivered by Chief Justice Eustis,) though decided before the act of 1855, seems to confirm these views, as to what are the material averments required in an indictment.
The statute of 1855, (R. S. 173,§ 75,) provides that it is not necessary in an indictment for murder, to set forth the manner of the means of kill *148 ing; but only that the defendant “did feloniously, willfully and of his malice aforethought kill and murder. ” These are precisely the important facts charged in the indictment according to the English form, and in the very words there used. See Arch. Crim. Plead. 314.
But the word “rob” forms no part of the indictment for robbery, according to the English form, and if any rule of analogy from these provisions of the statute of 1855, might be supposed to affect the case of an indictment for robbery as far as concerns the facts and circumstances, and thus militate against the views above expressed; yet, on the other hand, the rule from analogy would seem to confirm the views above expressed, as to the necessity of stating the felonious intent in the indictment.
The English form of indictment have been in use for many years; they have stood the test of time; they can hardly be bettered in respect of clearness, fullness and succinctness, and it is very desirable that prosecuting officers would observe them more strictly; they would save the courts the necessity of deciding many perplexing questions unnecessarily raised.
By reason of the insufficiency and want of certainty in the statement of the offence charged against the defendant in this case, the judgment of the District Court must be arrested; but for the reasons given by this Court in the case of the State v. Hews, 10 An. p. 197, we will not order the prisoner to be discharged.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed.
It is further ordered, that judgment against Peter Cook upon the bill of indictment preferred against him by the Grand Jury of the Parish of East Baton Rouge, on the 4th day of March, 1867, (a copy whereof is found in the record of this cause,) be arrested, and that the prisoner be detained in close custody as the law directs, until the next session within and for the Parish of East Baton Rouge, then and there answer to a new bill of indictment, or other proceeding that may be preferred against him for the crime of robbery, committed on- the person of Mrs. Clark, with which he now stands charged, and to abide the orders of the District Court of the Parish of East Baton Rouge, thereupon.